UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IMPERIAL CRANE SERVICES, INC.       :         DOCKET NO. 21-cv-01183

VERSUS                              :         JUDGE TERRY A. DOUGHTY

H&E EQUIPMENT SERVICES, INC.        :         MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Before the court is a Motion to Dismiss for Failure to State a Claim filed pursuant to Federal Rule of Procedure 12(b)(6) by defendant H&E Equipment Services, Inc. ("H&E"). Doc. 10. The motion is opposed by plaintiff Imperial Crane Services, Inc. ("Imperial"). Doc. 14. Following reply by H&E to the opposition [doc. 15], the matter is now ripe for determination.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For reasons stated below, it is **RECOMMENDED** that the Motion to Dismiss [doc. 10] be **GRANTED** and that plaintiff be **DISMISSED** with prejudice.

**I.**
**BACKGROUND**

Imperial filed suit in this court against H&E and others seeking indemnification it claims it is owed for amounts it claims it was obligated to pay as the result of damage to two cranes, Crane Unit 1587 and Crane Unit 1579. Doc. 1. Defendants other than H&E were dismissed for plaintiff's failure to execute service timely. Docs. 16, 17. The allegations against H&E pertain only to Crane Unit 1587. We discuss the other allegations against the dismissed defendants no more.

-1-

Imperial alleges that it leased the crane at issue from HKB, Inc., d/b/a Southwests Industrial Rigging ("SWIR") which crane was then released to other users. Doc. 1 p. 2. Imperial alleges that, "[u]nder the lease agreements with SWIR, Imperial was liable for any damage to any of the units and was also required to make lease payments while the cranes were down for repair." *Id.* Crane Unit 1587, Imperial claims, was catastrophically damaged by an H&E technician who performed work on the rig on January 26, 2017. *Id.*

Imperial was sued by SWIR in Arizona. *Id.* at p. 4. With respect to Crane Unit 1587, it claims entitlement to indemnification "as a matter of law" because it was ordered in the Arizona proceeding to "pay damages on the account of the negligent acts of H&E." *Id.* Imperial alleges it is entitled to indemnification for the Arizona "court's award of rental payments and interest penalties in the amount of $326,018.88, attorney's fees and costs of $241,598.50 and $65,070.06 in post-judgment interest." *Id.*

In response to plaintiff's claim, H&E filed the instant Motion to Dismiss. Doc. 10. It claims that the issue of the cause of damage to Crane Unit 1587 was litigated in the Arizona proceeding so that the "doctrine of issue preclusion prohibits Imperial from re-litigating those issues in this Court." Doc. 10, att. 1, p. 5. H&E further questions the extent to which a cause of action for "tort indemnity" continues to be viable under Louisiana law. *Id.* It attaches as exhibits to its motion the Findings of Fact and Conclusions of Law issued by the Arizona court [doc. 10, att. 2], a report introduced into evidence at trial and marked as "trial exhibit 174" and relied upon by the Arizona court in reaching its conclusion [doc. 10, att. 3], the Arizona court's "Ruling on Proposed Form of Judgment ad Application for Fees and Costs" [doc. 10, att. 4], and a copy of the Arizona court's Final Judgment [doc. 10, att. 5]. After noting that its motion is one filed under Rule 12(b)(6), which ordinarily allows us to only consider the allegations of the plaintiff's

-2-

complaint, we could nevertheless consider these exhibits "because they are 'referred to in the Complaint and central to Plaintiff's' claims.'"   Doc. 10, att. 1, p. 6 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000)).   It further argues that the exhibits are matters of public record of which we may take judicial notice.  *Id.* (citing *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020)).

In opposition to the motion Imperial argues that the issue of who caused the damage to Crane Unit 1587 was not litigated in the Arizona proceeding so there is no issue preclusion here. Doc. 14.  It does not suggest that consideration of the attachments to the motion is improper. Rather it argues that, "[a]t this preliminary stage in the litigation, Imperial should be allowed to present evidence that demonstrates Defendant cause [sic] the damage to" the crane.  *Id.* at p. 2. Importantly for our discussion below and as found by the Arizona court, Imperial acknowledges that "the insurer for . . . Imperial . . . paid SWIR $161,454.69 . . . to repair the damage to the [crane] . . . ."  *Id.* at p. 4.  *See also* doc. 10, att. 2 (the Arizona court's Findings of Fact and Conclusions of Law), p. 15 ("The insurance company paid . . . $161,454.69 for property damage to Crane 1587.") And, Imperial argues, "[a]n action for indemnity will lie as long as the party's fault 'can be characterized as merely technical or constructive.'"  Doc. 14, p. 6, quoting *Ducre v. Exec. Officers of Halter Marine, Inc.*, 752 F.2d 967, 985 (5th Cir. 1985).

In reply, H&E reiterates its claim of issue preclusion and its legal argument that no action in indemnity is available under these circumstances.  Doc. 15.

## II.
### APPLICABLE LAW

#### A. *Rule 12(b)(6)*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When considering a motion

to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is not to evaluate the plaintiff's likelihood of success, but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

The court also reviews such motions "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). While factual assertions are presumed to be true, "labels and conclusions" and "formulaic recitation of the elements of a cause of action" are not enough to withstand a 12(b)(6) motion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

As H&E appropriately argues:

> Ordinarily, courts considering motions to dismiss may not consider matters outside the pleadings, and the court is to construe the motion as a motion for summary judgment if such materials are submitted. *See, e,g., Telano v. Evans Oil Co., LLC*, CV 18-1460, 2019 WL 7190787, at *2 (W.D. La. Dec. 26, 2019). However, as discussed above, the Court may consider documents that are referred to in the complaint and central to the Plaintiff's claims, as well as matters of public record, on a motion to dismiss. Both of these circumstances apply here with respect to the exhibits H&E has offered, and thus the Court may properly consider them without converting this motion into a motion for summary judgment under Rule 56.

Doc. 10, att. 1, p. 12. Imperial does not claim otherwise.

Moreover, where an allegation is contradicted by an exhibit, it is well settled that the exhibit controls. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("When

an allegation is contradicted by" contents of exhibits "central to the claim and referenced by the complaint," then "the exhibit and not the allegation controls.").

### B. *Indemnity*

The Louisiana Supreme Court has defined an action for indemnity as follows:

> Indemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed. *Black's Law Dictionary* 769 (6th ed.1990); 42 C.J.S *Indemnity* § 2 (1991). It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss. 42 C.J.S. *Indemnity* at § 32. The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement. *Id.* at § 29. An implied contract of indemnity arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed. *Bewley Furniture Co., Inc. v. Maryland Cas. Co.,* 285 So.2d 216, 219 (La.1973).

*Nassif v. Sunrise Homes, Inc*., 739 So.2d 183, 185 (La. 1999). "[C]ases have referred to this [non-contractual] imposed liability variously as technical, constructive, vicarious and derivative." *Bewley Furniture Co., Inc. v. Maryland Cas. Co.*, 285 So.2d 216, 219 (La. 1973).

### III.
### DISCUSSION

Plaintiff has clearly failed to state any cognizable claim against H&E and this matter should be dismissed with prejudice at plaintiff's cost. We reach this conclusion without reference issue preclusion.

Imperial seeks indemnification for amounts it was ordered to pay to SWIR in the Arizona proceeding for rental of Crane Unit 1587, interest penalties, attorney fees, and costs, all as the result of rental agreements (contracts) that existed between Imperial and SWIR. H&E was not a party to those contracts. H&E had no contract with Imperial that would obligate it to pay for any

award to SWIR that resulted from the rental agreements between Imperial and SWIR and Imperial has not alleged as much.  Imperial has failed to set forth any facts that would support any claim for contractual indemnity owed to it by H&E under Louisiana law.[1]

The only other indemnity for which H&E could be liable under Louisiana law would be that which would arise when "the liability of the person seeking indemnification [Imperial] is solely constructive or derivative and only against one [H&E] who, because of his act, has caused such constructive liability to be imposed." [2] *Nassif,* 739 So.2d at 185.

The only "act" of H&E alleged by plaintiff is negligence of an H&E technician who performed work on the crane that allegedly resulted in catastrophic damage to the crane. *See* doc. 1, p. 2, ¶ 11. If the Arizona court found that Imperial owed SWIR for damage to the crane caused by H&E's agent, that would be an action sounding in constructive or derivative indemnity. But that is not the case.

Imperial's petition is phrased in such a way as to suggest that the rent it owed SWIR resulted from its inability to use the crane which was tied to the damage it claims was caused by H&E.  In the "General Allegations" portion of the complaint, Imperial alleges that, "[u]nder the lease agreements with SWIR, Imperial was liable for any damage to any of the units . . . ."  Doc. 1, p. 2, ¶9.  That is a true statement.  It next alleges that Imperial "was also required to make lease payments while the cranes were down for repair. *Id.*  This statement is also true. But the reason Imperial owed lease payments was ***because of the terms of the lease*** and had nothing at all to do with whether the crane was damaged or not. *See* Doc. 10, att. 2, pp. 13-17. Imperial then states

---

[1] Because we are a court sitting in diversity, we apply the substantive law of the forum state. *Meador v. Apple, Inc.,* 911 F.3d 260, 264 (5th Cir. 2018), *cert. denied,* 138 S.Ct. 2649 (2019).  Although plaintiff's complaint does not make clear it is proceeding under Louisiana substantive law, its memorandum in opposition to the motion does not suggest we should consider any other.

[2] H&E questions whether this cause of action continues to be a viable one under Louisiana law since passage of comparative fault. Doc. 10, att. 1, p. 14. Given our conclusion here we need not examine that issue.

that, because it "became liable to SWIR in connection with that damage, Imperial . . . seeks indemnification from" H&E.  Doc. 1, p. 2, ¶9. Contrary to this allegation, Imperial was not liable to SWIR because of the damage – it was liable to SWIR because it signed an agreement to pay rent on the crane.  Insofar as Imperial fails to state a cause of action against B&E for cost of the repairs to the crane, there is no need to consider whether responsibility for the damages was disposed of in the Arizona proceeding, precluding that issue from determination by this court.

Imperial also alleges that it "became liable to SWIR to pay for the repairs along with lease payments for the reasonable time to repair and related damages." *Id.* at p. 3, ¶17. This is an untrue statement that is contradicted by the exhibits. *U.S. ex rel. Riley,* 355 F.3d at 377. The final judgment of the Arizona court clearly provides that Imperial's liability is for rent payments, interest, and associated costs, not for repair costs. Doc. 10, att. 5, p. 2. The court also stated that the damage to the crane that Imperial alleges was caused by H&E ***had already been paid*** by Imperial's insurance company to SWIR, ***a fact acknowledged by Imperial in its opposition***.  *See* discussion *supra* at p. 3. Insofar as Imperial has failed to allege it was obligated to pay the damage ostensibly occasioned by H&E's negligence (an allegation that would be false), it has failed to allege a cause of action against H&E for constructive indemnity, if such a claim continues to exist under Louisiana law.[3]

The most generous reading of Imperial's complaint indicates that, at best, Imperial's factual allegations might entitle it to loss of use damages under a negligence claim for the period of time that Imperial was paying rent on the crane yet unable to use it because of H&E's alleged negligence.[4] *See* La. C.C. art. 2315. This would allow for a direct claim of liability against H&E

---

[3] *See* discussion at fn. 2.

[4] It appears from the Arizona judgment that Imperial could properly plead that inability to use the crane was the result of negligence of B&E.  That court found that "[p]ervasive evidence demonstrates that Crane 1587 was not operable as of October 25, 2016" which would have been three months before B&E performed services. Doc. 10, att. 1, p. 13. Imperial would be hard-pressed to establish damages for loss of use of a crane that was already unusable.

without necessitating a derivative indemnity claim. However, Imperial has not alleged such a claim and any amendment to assert this claim would be futile. From the face of the complaint, any direct negligence claim has clearly prescribed as four years have passed since the date of the alleged injury or damage and the prescriptive period for such an action is one year. La. C.C. art. 3492. *See Guillory v. Hosp. Housekeeping Sys., LLC*, 2021 WL 2559586 (W.D. La. 2021) ("Federal courts have routinely denied leave to amend as futile when the proposed claims have prescribed under Louisiana law.").

Accordingly, because plaintiff has failed to state a claim upon which relief can be granted, plaintiff's claim against H&E should be dismissed. Given our disposition on the merits of plaintiff's claim, it is not necessary to address any other arguments.

Plaintiff alternatively requests leave to amend his complaint.  While, generally, parties should be granted leave to amend in lieu of dismissal, there exists substantial reason to deny its request. *See Stripling v. Jordan Production Co.*, LLC, 234 F.3d 863, 872 (5th Cir. 2000) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial."). Plaintiff's indemnity claim is premised on the false allegation that it incurred liability for damages occasioned by H&E. For this reason and those previously stated, no additional factual allegations could cure the legal deficiencies in this claim; thus, any further amendment would be futile. *See id.* (holding that a court is within its discretion to deny leave to amend if the proposed amendment would be futile due to plaintiff's failure to state a claim under Rule 12(b)(6)). Accordingly, plaintiff's request is denied.

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 10] be **GRANTED** and plaintiff Imperial Crane Services, Inc. be **DISMISSED** with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of June, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE